IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00327-CR

 

Christopher Shawn Martinez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-523-C

 



MEMORANDUM  Opinion










 

      Martinez appeals his conviction for
aggravated sexual assault.  See Act of May 15, 2001, 77th Leg., R.S.,
ch. 459, § 5, 2001 Tex. Gen. Laws 893, 898 (amended 2003) (current version
at Tex. Penal Code Ann.
§ 22.021(a) (Vernon Supp. 2004-2005)).  We affirm.

      In Martinez’s first issue, he contends
that the evidence was legally insufficient.  “In reviewing the legal
sufficiency of the evidence,” the court “looks at all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.”  Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005); accord Jackson v. Virginia, 443 U.S. 307, 319 (1979); Griffin
v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981).  

      Martinez argues that the evidence of
penetration was legally insufficient.  The indictment alleged that Martinez “cause[d] the penetration of the female sexual organ of” the victim “by [Martinez]’s sexual organ.”  In particular, Martinez argues that the victim was not
credible.  Martinez points to the following:

(1) complainant
did not make an outcry until almost one year later after the alleged incident;
(2) the outcry was not made to an adult but to a student which was
overheard by another student who in turn told an adult; (3) complainant
testified that appellant put his penis inside her vagina but does not see his
penis; and (4) She states there was blood on the bathroom floor and on her
as a result of the assault; (5) despite the bleeding physical examination
of complainant showed no definitive sign of sexual abuse.

[sic] (citations omitted).  Martinez also argues
that the victim “may have been resentful because her mother and [Martinez’s] step-mother were in a lesbian relationship.”  

      The State points primarily to the direct
testimony of the victim to the effect that Martinez assaulted her.  The State
also points to the testimony of the doctor who examined the victim over a year
after the date of the assault alleged in the indictment, and who testified that
there is usually no “definitive evidence” of assault, in the form of
“abnormalities” such as “scarring,” when the victim is examined more than
seventy-two hours after the assault.  The doctor testified that the victim’s
condition was consistent with having been sexually assaulted.

      “When we conduct a legal
sufficiency-of-the-evidence review . . . , we do not
. . . assess the credibility of witnesses on each side.”  Ex parte
Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); accord Reeves v.
State, 969 S.W.2d 471, 478 (Tex. App.—Waco 1998, pet. ref’d).  Martinez acknowledges, moreover, that “the state can prove its case through the testimony
of complainant alone with no medical evidence” (citing Tear v. State, 74
S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d)).    

      Having reviewed the evidence in the light
most favorable to the verdict, we hold that a rational jury could have believed
beyond a reasonable doubt that Martinez sexually assaulted the victim as
alleged.  The evidence was legally sufficient.  We overrule Martinez’s first
issue.

      In Martinez’s second issue, he contends
that the evidence was factually insufficient.  “In a factual sufficiency
review, we view all the evidence in a neutral light, both for and against the
finding, and set aside the verdict if ‘proof of guilt is so obviously weak as
to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.’  In
conducting such a review, we consider all of the evidence weighed by the jury,
comparing the evidence which tends to prove the existence of the elemental fact
in dispute to the evidence which tends to disprove it.”  Vodochodsky, 158
S.W.3d at 510 (quoting Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)) (internal footnote omitted).  “[W]e set the verdict aside only if
the evidence is so weak that the verdict is clearly wrong and manifestly
unjust, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met.”  Prible v. State, No.
AP-74,487; 2005 Tex. Crim. App. LEXIS 110, at *16 (Tex. Crim. App. Jan. 26,
2005).

      Martinez points to his testimony that he
did not assault the victim, and again points to the victim’s testimony that she
did not see Martinez’s penis and to the absence of affirmative medical
evidence.  Martinez acknowledges the victim’s testimony concerning the
assault.  The State does not separately brief Martinez’s second issue.  

      Viewing the evidence in a neutral light,
we hold that the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust, and that the evidence contrary to the verdict is not so
strong that the standard of proof beyond a reasonable doubt could not have been
met.  The evidence was factually sufficient.  We overrule Martinez’s second
issue.

      Having overruled Martinez’s issues, we
affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed September 28, 2005

Do
not publish

[CRPM]